IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>ELIGIO TRINIDAD-NOVA [1],<br><br>**Defendant.** | **Criminal No.** 22-419 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Defendant Eligio Trinidad-Nova ("Trinidad") moves to dismiss count one of the indictment pursuant to the Equal Protection Clause. (Docket No. 97.) He also moves for reconsideration regarding a previous motion to dismiss. (Docket No. 95.) Magistrate Judge Marcos E. López ("López") issued a report and recommendation ("R&R") on October 18, 2024, recommending that the Court deny both motions. (Docket No. 110.) For the reasons set forth below, the Court **ADOPTS** the R&R *in toto*. Accordingly, Trinidad's motion to dismiss and motion for reconsideration are **DENIED.** (Docket Nos. 95 and 97.)

**I.   Background**

A grand jury returned an indictment on September 29, 2022, charging Trinidad with being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. section

922(g)(5) (count one), and improper entry into the United States by an alien, in violation of 8 U.S.C. section 1325(a)(1) (count two). (Docket No. 12.) The events leading to Trinidad's arrest and indictment are summarized in the April 16, 2024 Opinion and Order. See United States v. Trinidad-Nova, Case No. 22-419, 2024 U.S. Dist. LEXIS 70530 (D.P.R. Apr. 16, 2024) (Besosa, J.).

**II. The Motion for Reconsideration**

Trinidad moved to dismiss the indictment on December 16, 2022, contending that "18 U.S.C. section 922(g)(5) is a facially unconstitutional restriction on a person's Second Amendment right to bear arms." (Docket No. 24 at p. 1.) The motion relies predominantly on N.Y. State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2021). Id. The Bruen court set forth a two-step analysis for firearm regulations. Id. First, courts determine whether "the Second Amendment's plain text covers an individual's conduct." Id. If it does, the United States must then "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." Id.

The Court "[assumed] without deciding that the Second Amendment applies here," a favorable determination for Trinidad. United States v. Trinidad-Nova, 671 F. Supp. 3d 118, 121 (D.P.R. 2023) (Besosa, J.). This Pyrrhic victory ultimately resulted in defeat, however, because the United States satisfied the second prong of the Bruen analysis. Id. at 124. Because the founding

generation "disarmed certain groups seen as threatening or suspect to the colonial social order," section 922(g)(5) passed constitutional muster. Id.

No defendant has prevailed on a Bruen challenge to section 922(g)(5) within the United States District Court for the District of Puerto Rico.  See United States v. Vizcaíno-Peguero, 671 F. Supp. 3d 124, 129 (D.P.R. 2023) (Besosa, J.) (holding that section 922(g)(5) is a constitutionally sound limit on firearm possession"); United States v. Astacio-Mieses, Case No. 23-028, 2024 U.S. Dist. LEXIS 176060, at *17-20 (D.P.R. Sept. 26, 2024) (Delgado-Colón, J.) (holding that section 922(g)(5)(A) "survives constitutional scrutiny as it is a good fit within the United States' historical tradition of firearm regulations"); United States v. Pierret-Mercedes, Case No. 22-240, 2024 U.S. Dist. LEXIS 74103, at *57-58 (D.P.R. Apr. 18, 2024) (Delgado-Colón, J.) ("The Court finds that Section 922(g)(5) is consistent with the United States' historical tradition of firearms regulation."); United States v. Santos-Santana, Case No. 23-311, 2024 U.S. Dist. LEXIS 7290, at *10 (D.P.R. Jan. 8, 2024) (Méndez-Miró, J.) ("Since the Government meets its burden under the second prong of the Bruen

test, Count One of the Defendant's indictment under Section 922(g)(5) does not facially violate the Second Amendment").[1]

The Supreme Court subsequently published its decision in United States v. Rahimi, 602 U.S. 680 (2024), rejecting a Bruen challenge to the federal statute prohibiting the possession of a firearm by a person subject to a restraining order (section 922(g)(8)). Trinidad then moved for reconsideration on July 29, 2024. (Docket No. 95.)

According to Trinidad, Rahimi invalidates count one of the indictment for two reasons. Id. at p. 3. First, he contends that statutes lacking "certain levels of specificity as appropriate analogues or current statutory prohibitions" are unconstitutional. Id. Second, Trinidad asserts that this Court adopted a "standard of responsibility that has now been directly rejected by the Supreme Court." Id. at p. 4.

This Court referred Trinidad's motion for reconsideration to Magistrate Judge López on August 19, 2024. (Docket No. 105.) He issued the R&R two months later, recommending that this Court deny

---

[1] A judge in the United States District Court of Maine recently held that section 922(g)(5) "is unconstitutional as applied to [the defendant]." United Staes v. Osorio, Case No. 24-040, 2024 U.S. Dist. LEXIS 185826, at *35 (D. Me. Oct. 11, 2024). The United States subsequently filed a notice of appeal on November 8, 2024. United States v. Rebollar-Osorio, No. 24-2403 (1st Cir. Nov. 8, 2024) (Notice of Appeal). The appellant's brief is due January 27, 2025. Id. (1st Cir. Dec, 17 2024) (Order). According to the Court's research, no other court within the First Circuit has adjudicated a Bruen challenge in a section 922(g)(5) prosecution.

the motion for reconsideration. (Docket No. 110.)  Trinidad filed an objection to the R&R on December 2, 2024.  (Docket No. 113.)

### A. Report and Recommendation: Standard of Review

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b).  A party may file written objections to the magistrate judge's R&R within 14 days of publication.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Loc. Rule 72(d).

A party that files a timely objection is entitled to "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  An issue not raised before the magistrate judge may be deemed waived by the district court.  Borden v. Sec. of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); see also Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In conducting its review, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see Loc. R. 72(d); Álamo-Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.).  "The

judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Templeman v. Chris Craft Corp., 770 F.2d 245, 247-48 (1st Cir. 1985); Hernández-Mejías v. Gen. Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.).

### B. Motion for Consideration: Standard of Review

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule."). The First Circuit Court of Appeals, however, applies the civil standard for a motion for reconsideration to criminal cases. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

On a motion for reconsideration, a district court will alter its original order only if "the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Allen, 573 F.3d at 53. In deciding a motion for reconsideration, the reviewing court has considerable discretion. See Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.).

### C. United States v. Rahimi is Inapplicable

In a well-reasoned and comprehensive R&R, Magistrate Judge López held that the arguments set forth by Trinidad are unavailing. Essentially, "applying Rahimi's specificity holding [in a section 922(g)(8) case] to an entirely different context [*i.e.* a section 922(g)(5) prosecution] is inappropriate." Id. at p. 8. The R&R further emphasized that the Bruen "analysis will necessarily be different depending on the particular regulation contested." Id. Moreover, Trinidad's contention that this Court misapplied a "standard of responsibility" has no merit. The Opinion and Order "only utilized [this language] at step one of the Bruen analysis . . . which is not at issue in this motion for reconsideration." Id. at p. 10.

Trinidad objected to the R&R, setting forth the same arguments contained in the motion to dismiss. (Docket No. 113.) For instance, he again argues that the Court erred in adopting a flawed standard of "responsibility." Id. at p. 3. Both this Court and Magistrate Judge López considered and rejected this argument. No intervening change in the law or manifest legal error warrants revocation of the dismissal disposition. Accordingly, the Court **ADOPTS** the R&R and **DENIES** Trinidad's motion for reconsideration.

### III. The Second Motion to Dismiss

On August 1, 2024, Trinidad filed a second motion to dismiss. (Docket No. 97.) First, he invokes the Fifth Amendment, arguing

that this Court applied <u>Bruen</u> in violation of the Constitution by "accepting racially and religiously based analogues." <u>Id.</u> at p. 2. Trinidad maintains that:

> Without a specified finding of danger, or being a threat, [his] nationality is the sole reasons he is being prosecuted in much to same way that race and religion was the sole reason for which Native Americans, Black Americans, and Catholics were disarmed in the past.

<u>Id.</u> Magistrate Judge López held, however, that the <u>Bruen</u> analysis "may sometimes put the Court in an awkward position of examining racist and xenophobic legislation of the past as a justification limiting the scope on the applicability of certain constitutional rights." Docket No. 110 (citation and quotation omitted). In <u>United States v. Pierret-Mercedes</u>, Judge Aida M. Delgado-Colón held that:

**[Continue to Next Page]**

> [The public should be disabused] of any notion that the value judgments ingrained in antiquated laws can ever be validly applied in our society today. In arguing or applying Bruen's test, parties and judges certainly take the risk that recourse to such laws may be seen as tacit endorsements. But litigants and courts look to this history only to ascertain the breadth of the government's power to regulate firearms. A regulation that passes muster under Bruen's vision of the Second Amendment may fall under other provisions of the Constitution. Therefore, while Bruen certainly creates a need to dig through history in search of validation, it does not validate what progress has clearly left behind. The analytical tightrope is a thing one, but it is certainly there for judges to walk.

2024 U.S. LEXIS 74103, at *65-66. This Court cannot provide a more eloquent explanation of the inherent difficulty faced by jurists in relying on historical precedent steeped in discriminatory animus to assess the constitutionality of modern legislation.

Trinidad also asserts that section 922(g)(5) is unconstitutional because the statute "discriminates on the basis of national origin in violation of the Fifth Amendment's Due Process Clause." (Docket No. 97 at p. 9.) His motion to dismiss and objection to the R&R both argue that the Court improperly applied a rational basis standard of review, subjecting section 922(g)(5) to an inappropriate level of scrutiny. Id.

Magistrate López noted, however, that section 922(g)(5) "is not based on race or national origin, it is based on alienage." (Docket No 110 at p. 19.) Indeed, the statute provides that: "[it] shall be unlawful or any person . . . who, being an **alien** . . . is

illegally or unlawfully in the United States" to ship, transport, possess, or receive any firearm or ammunition in or affecting interstate or foreign commerce. 18 U.S.C. § 922(g)(5)(A) (emphasis added). Because alienage is "not a protected category, the Supreme Court has firmly and repeatedly endorsed the proposition that Congress may make rules as to the aliens that would be unacceptable if applied to citizens." Id. (citing Demore v. Kim, 538 U.S. 510, 522 (2003)).

Like the motion for reconsideration, Trinidad's objections merely repeat the arguments contained in the second motion to dismiss. (Docket No. 113.). He also argues in the alternative that, assuming rational review is applicable, section 922(g)(5) is unconstitutional. Id. at p. 14. Courts have, however, repeatedly rejected this argument. Docket No 113 at pp. 19-20 (citing cases). Consequently, the Court **ADOPTS** the R&R and **DENIES** Trinidad's second motion to dismiss.

**IV. Conclusion**

For the reasons set forth above, the Court **ADOPTS** the magistrate judge's report and recommendation. (Docket No. 110.) Accordingly, Trinidad's motion for reconsideration and second motion to dismiss are **DENIED**. (Docket Nos. 95 and 97.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 20, 2024.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE