**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

**Plaintiff,**

**v.**

ELIGIO TRINIDAD-NOVA [1],

**Defendant.**

**Criminal No.** 22-419 (FAB)

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court are several pre-trial motions by both defendant Eligio Trinidad-Nova ("Trinidad") and plaintiff United States of America (the "United States" or "government"), including: (1) a motion by the United States regarding defense arguments and questions about the absence of investigative techniques (Docket No. 146); (2) a motion *in limine* by the United States regarding improper arguments (Docket No. 150); (3) a motion *in limine* by the United States to introduce evidence of the state investigation that resulted in defendant's arrest (Docket No. 151); and (4) an omnibus motion *in limine* by the defendant (Docket No. 152).

For the reasons set forth below, the United States' motion *in limine* to preclude questions about the absence of investigative tools (Docket No. 146) is **DENIED WITHOUT PREJUDICE.** The United

States' motion *in limine* regarding improper arguments (Docket No. 150) is **GRANTED**; the United States' motion to admit evidence of the state investigation that led to defendant's arrest (Docket No. 151) is **GRANTED IN PART** and **DENIED IN PART**; and defendant's omnibus motion *in limine* (Docket No. 152) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE.**

## I. Background

On September 12, 2022, Puerto Rico Police Bureau ("PRPB") Officers Ángel Luis Ramos-Torres ("Ramos") and Yahaira Cruz-Concepción ("Cruz") attempted to serve Trinidad with a summons regarding an unrelated state investigation. United States v. Trinidad-Nova, Case No. 22-419, 2024 U.S. Dist. LEXIS 11202, at *6 (D.P.R. Jan. 16, 2024) (Besosa, J.); see also Docket No. 151 at p. 2. While the officers were serving the summons, Trinidad opened the gate to his home, which caused his shirt to lift and the officers to observe that he was carrying a firearm. Id. Upon observing the firearm, the officers proceeded to arrest him. Id.

A grand jury returned an indictment on September 29, 2022, charging Trinidad with being a prohibited person in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5) (count one), and improper entry into the United States by an alien, in violation of 8 U.S.C. § 1325(a)(1) (count two). (Docket No. 12.)

On December 23, 2025, the government filed a motion *in limine*, requesting that the Court preclude Trinidad from arguing and questioning any absence of investigative techniques at trial. (Docket No. 146.) On December 30, 2025, the government filed a second motion *in limine*, requesting that the Court preclude Trinidad from engaging in improper arguments before the jury. (Docket No. 150.) The same day, the government filed a third motion *in limine*, requesting the admission of evidence regarding the state investigation that resulted in defendant's arrest. (Docket No. 151.)

Trinidad filed an omnibus motion *in limine* on December 31, 2025, requesting that the Court: (1) exclude all potential witnesses from the courtroom during the testimony of other witnesses and presentation of evidence; (2) exclude, pursuant to Rule 404(b), evidence of the state investigation that led to his arrest; (3) exclude evidence not previously designated or discovered; and (4) exclude any testimony given in violation of the Confrontation Clause. (Docket No. 152.)

## II. Arguments and Questions about Trying-the-investigation

The United States moves the Court "to preclude [Trinidad] from using a trying-the-investigation defense whereby [he] attempt[s] to improperly convince the jury to render a verdict in his favor based on the absence of the government's use of specific-

investigative techniques or on the absence of testing items not in evidence." (Docket No. 146.) Trinidad argues that the Court should determine the evidence's relevance within the context of trial because the government fails to identity in the motion any evidence it seeks to exclude. (Docket No. 155.)

"Merely showing that an investigation is sloppy does not establish relevance." United States v. Patrick, 248 F.3d 11, 22 (1st Cir. 2001) (holding that the district court did not abuse its discretion by excluding evidence "that the police failed to take steps to adequately eliminate other possible suspects" because "[such] speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police".) The efficacy of a criminal investigation may, however, "sometimes be relevant to the ultimate issue of guilt in a case." See United States v. Carmichael, 373 F. Supp. 1293, 1296 (M.D. Ala. 2005) (citing Lowenfield v. Phelps, 817 F.2d 285, 291-92 (5th Cir. 1987) (holding that defense counsel acted reasonably by introducing evidence of "sloppy police work" to undermine the chain of custody and "set the stage for an argument that others were implicated in the murders")).

The Court is not clairvoyant and does not yet know what the evidence is and what the relevance as to any argument is. The

Court will wait to rule on the admissibility of any trying-the-investigation evidence until it is presented in the context of trial. If such evidence is admitted, the Court will instruct the jury as follows:

> You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

See, e.g., United States v. Lassend, 545 F. App'x 3, 5 (1st Cir. 2013) (holding that the district court did not err by instructing the jury that "it could draw reasonable inferences from the fact . . . that certain techniques were not used, as well as that law enforcement is not legally required to use any specific or all possible tests or techniques in order to prove its case"). Accordingly, the United States' first motion *in limine* is **DENIED WITHOUT PREJUDICE.** (Docket No. 146.)

**III. Reasonable Doubt**

The United States requests that the Court prohibit Trinidad from defining "reasonable doubt." (Docket No. 150 at pp. 2-3.) This Court possesses "wide discretion in fashioning instructions" to "provide the jury with a clear and succinct statement of the

law." 9 Bender's Fed. Practice Forms (2021); Kelly v. Airborne Freight Corp., 140 F.3d 335, 352 (1st Cir. 1996) (noting that the First Circuit Court of Appeals "customarily cede[s] wide discretion to the trial courts to fashion jury instructions as they see fit"); see Fed. R. Crim P. 51(b) ("The court . . . may instruct the jury at any time before the jury is discharged.").

The phrase "'reasonable doubt' does not require definition." United States v. Wallace, 461 F.3d 15, 30 (1st Cir. 2006); Victor v. Nebraska, 511 U.S. 1, 5 (1994) ("[The] Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course."). In fact, "most efforts at clarification result in further obfuscation of the concept." United States v. Frabizio, 459 F.3d 80, 97 (1st Cir. 2006). Accordingly, Trinidad is precluded from defining "reasonable doubt" at any time during the trial, including during his opening statement or closing argument. Cf. United States v. Ademaj, 170 F.3d 58, 66 (1st Cir. 1999) ("The district court acted properly in precluding counsel from arguing that the jury should equate 'reasonable doubt' with 'an abiding conviction to a moral certainty.'"). Trinidad may, however, argue that the United States has failed to satisfy its burden of proof beyond a reasonable doubt.

**IV. The Missing Witness Argument**

The United States requests that the Court "prohibit [Trinidad] from introducing evidence about or arguing any relevant inference from the fact that potential witnesses did not testify." (Docket No. 150 at p. 4.)

Federal Rule of Evidence 402 provides that all relevant evidence is admissible unless excluded by the United States Constitution, federal statute, or other rule. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Fed. R. Evid. 401. The absence of a putative witness at trial is irrelevant. Accordingly, the United States' motion is **GRANTED**, and both parties are prohibited from referring to the absence of a putative witness in the presence of the jury.

**V. Jury Nullification**

"[T]he government moves this Court to preclude the defendant from arguing jury nullification or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification." (Docket No. 150 at pp. 4-5.) The United States also requests that the Court preclude Trinidad from litigating the United States' immigrations laws and policies and eliciting the

jurors' passions for or against immigrations policies.[1] Id. at p. 7.

Jury nullification is a "practice whereby a juror votes in purposeful disregard of the evidence, defying the court's instructions on the law." United States v. Appolon, 695 F.3d 44, 65 (1st Cir. 2012) (internal citation and quotation omitted). Requesting that the jury acquit the defendant for reasons other than insufficient proof (i.e. potential punishment following a conviction, religious beliefs, unjust prosecution) is a form of jury nullification.

The Court will instruct the jury that:

> The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the judge, and should never be considered by you in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

See United States v. Manning, 79 F.3d 212, 219 (1st Cir. 1996) ("An attorney's attempt to achieve [jury nullification] indirectly, by arguing the severity of the punishment to the jury, is equally impermissible."); United States v. Joselyn, 99 F.3d 1182, 1197 n.11 (1st Cir. 1996) (noting that defense counsel "made an improper appeal for jury nullification" by stating: "People

[1] The Court will address the government's request to preclude argument about the United States' immigration policies with the jury nullification argument because they are both appeals to the jurors to disregard the evidence.

aren't born and the Almighty says you may be a prosecutor. That's a right that's given by the people. It's a trust. And when it's abused, somebody's got to do something about it."); United States v. Arena, 918 F. Supp. 561, 580 (N.D.N.Y. 1996) ("The only purpose of repeated references to the evils of abortion would be to appeal to the emotions of the jury, inviting nullification."); United States v. Chugay, Case No. 21-0008, 2022 U.S. Dist. LEXIS 97875, at *3-4 (S.D. Fla. June 1, 2023) (granting the United States' motion to preclude "[any] argument pertaining to Defendant's claimed motive to help immigrants," because these statements requested jury nullification).

"Jury nullification verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." United States v. Rushin, 844 F.3d 933, 939 (11th Cir. 2016) (internal citation and quotation omitted). This Court possesses the discretion to "block defense attorney's attempts to serenade a jury with the siren song of nullification," and "may instruct the jury on the dimensions of their duty to the exclusion of jury nullification." United States v. Sepúlveda, 15 F.3d 1161, 1190 (1st Cir. 1993) (noting that "neither the court nor counsel should encourage jurors to exercise [the] power [to nullify a prosecution]"); see United States v. Díaz, 820 F. Supp. 2d 301, 306 (D.P.R. 2011) (Besosa, J.) (prohibiting the defendant from

setting forth a jury nullification argument at trial); United States v. Apicelli, Case No. 14-012, 2015 U.S. Dist. LEXIS 67667, at *2 (D.N.H. May 26, 2015) (holding that "defense counsel is precluded from raising issues related to jury nullification at trial, and the court will not instruct the jury on the nullification power") (citation omitted).

Likewise, "it is improper to needlessly arouse the emotions of the jury, and [] misconduct occurs when a prosecutor interject[s] issues having no bearing on the defendant's guilt or innocence and improperly appeal[s] to the jury to act in ways other than as dispassionate arbiters of the facts." United States v. Rodríguez-Kelly, Crim. No. 23-0231, 2024 WL 4263024, at *3 (D.P.R. Sept. 23, 2024) (Antongiorgi-Jordán, J.) (citing United States v. De La Paz-Rentas, 613 F.3d 18, 26 (1st Cir. 2010)) (internal quotations omitted).

In light of the above, the United States' motion is **GRANTED** as to jury nullification and to arguments about immigration policies, with the understanding that the prohibition applies equally to both the government and Trinidad. This prohibition encompasses statements intended to inflame the passions of the jury. The Court is not, however, clairvoyant. Either party may raise timely objections during closing argument or at any time during the trial.

**VI. Evidence of Potential Penalties and Personal Hardship**

The United States moves the Court to "preclude [Trinidad] from introducing evidence, making argument, or otherwise mentioning the potential penalties faced upon conviction." (Docket No. 150 at p. 7.) It also seeks to prohibit "any arguments or evidence designed either to infer a motive or excuse for [Trinidad's] criminal conduct or to invoke sympathies regarding the impact of a conviction upon [his] family." Id.

A defendant's potential sentence "is not relevant to the determination of whether there [is] sufficient evidence to support the conviction itself." United States v. Merlino, 592 F.3d 22, 30 (1st Cir. 2010) (citing Shannon v. United States, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed")). Moreover, Trinidad's motives for engaging in criminal conduct and potential personal hardships resulting from a conviction are irrelevant. See SEC v. Spencer Pharm, Inc., 58 F Supp. 3d 165, 166 (D. Mass. 2014) (holding that "any possible adverse consequences if [the defendant] is found liable for violations of U.S. securities law" are irrelevant) (citation omitted). Accordingly, the United States' motion is **GRANTED**, and Trinidad is prohibited from

referring to potential penalties and personal hardships that may result from a conviction.

**VII. Requests for Discovery Before the Jury**

The United States requests that the Court preclude Trinidad "from requesting discovery from witnesses . . . or otherwise commenting on discovery matters during closing argument." (Docket No. 150 at p. 8.) Federal Rule of Criminal Procedure 16 ("Rule 16") governs discovery in criminal actions. Fed. R. Crim. P. 16; see James Cissell, Federal Criminal Trials § 7-7 (2021 ed.) ("Rule 16 of the Federal Rules of Criminal Procedure is the basic, and in most cases, the exclusive discovery tool that can be utilized by a defendant"). In addition to Rule 16, the Supreme Court has held that due process of law demands the disclosure of exculpatory and impeachment evidence. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the United States must disclose exculpatory evidence that "is either material to guilt or to punishment"); Giglio v. United States, 405 U.S. 150, 154 (1972) (holding that the United States must disclose impeachment material when "the reliability of a given witness may well be determinative of guilt or innocence."). References to Rule 16, Brady, and Giglio are irrelevant and will confuse the jury. Accordingly, the United States' motion is **GRANTED**, and Trinidad is prohibited from referring to discovery matters in the presence of the jury.

**VIII. Exclusion of Rule 404(b) Evidence**

The government has requested that the Court allow them to introduce evidence related to a state investigation that Trinidad argues is barred by Rule 404(b). (Docket No. 151; Docket No. 152.) The government argues that this fraud investigation is intrinsically intertwined with the events that led agents from the Caguas Property Division to execute an arrest in San Juan and provides context to the agent's actions and scope of the interview. (Docket No. 151.) Although Trinidad stated that he believed this evidence is inadmissible pursuant to Rule 404(b), he informed the Court that he would address the issue further in his response to the motion. (Docket No. 152 at p. 2.)

Pursuant to Rule 404(b), "evidence of any other crime . . . is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Accordingly, evidence falls within the ambit of Rule 404(b) **only** if it is **extrinsically** relevant." United States v. Pina-Nieves, 577 F. Supp. 3d 1, 3-4 (D.P.R. 2021) (Besosa, J.) (citing United States v. Epstein, 426 F.3d 431, 439 (1st Cir. 2005)) (emphasis in original). "Evidence intrinsic to the crime for which defendant is on trial [] is not governed by Rule 404(b)." Epstein, 426 F.3d at 439. The terms "intrinsic" and "prior bad act evidence" are "loose labels,"

subject to a fact-specific inquiry. United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996). Prior bad acts are "reasonably distinct (e.g. in time and place) from the crime charged in the indictment." Id. By contrast, intrinsic evidence is "more closely entangled with the events that comprise the charged offense." Id. For instance, "[u]ncharged acts [that] illuminate the chronology of events leading to the acts charged in an indictment, or that inform the jury concerning the circumstances surrounding the commission of the charged crime" are generally admissible. 1 Weinstein's Evidence Manual § 7.01 (2021). The intrinsic evidence doctrine is applied "broadly" by the First Circuit Court of Appeals. Id. (citing United States v. Robles-Álvarez, 874 F.3d 46, 50-51 (1st Cir. 2017)) (affirming the admission of intrinsic evidence to prove "how the various co-conspirators came together").

To establish a violation of section 922(g)(5), the United States must prove, beyond a reasonable doubt, (1) that Trinidad was an alien unlawfully in the United States; (2) that he knowingly possessed a firearm, and (3) that the firearm travelled in interstate commerce. See 18 U.S.C. § 922(g)(5)(A); see also United States v. Cedeño-Mariano, 971 F. Supp. 2d. 225, 230 (D.P.R. 2013) (Besosa, J.).

Here, the evidence about the state investigation toes the line between extrinsic and intrinsic evidence. The government states that "the [officers] were serving a summons for an interview to 'Francisco Trinidad' related to a fraud complaint filed with the Puerto Rico Police Bureau in Caguas." (Docket No. 151 at p. 2.) It is not clear whether Eligio Trinidad was the target of the investigation, which would be extrinsic evidence of a prior bad act. But it is also intrinsic evidence because it provides a description of the events that led to the arrest. See United States v. Robles-Álvarez, 874 F.3d 46, 50 (1st Cir. 2017) (affirming the admission of a smuggling trip to Antigua because it provided a "'necessary description of the events leading up to' the charged crime", [conspiracy to import controlled substances], holding that evidence "concerning matters intrinsic to the crime charged does not 'trigger' [Rule 404(b)]") (citing United States v. Souza, 749 F.3d 74, 84 (1st Cir. 2014)).

To the extent that the government wants to discuss details of the state investigation, the Court finds that it is extrinsic evidence, does not have a special relevance under Rule 404(b), and is therefore inadmissible. The evidence that the officers were there to serve a summons, however, provides context as to why the Caguas officers were in San Juan. A summons can be served for any type of case and does not imply a prior bad act. Accordingly,

testimony that the officers were serving a summons is intrinsic evidence not barred by Rule 404(b).

Regardless of whether the evidence is considered intrinsic or extrinsic, it must still comply with Rule 403. See Pina-Nieves, 557 F. Supp. 3d at 5. Rule 403 does not protect against all potentially prejudicial evidence because virtually all evidence in a criminal proceeding is likely prejudicial in some way. United States v. Villa-Guillén, 102 F.4th 508, 518 (1st Cir. 2024) (citing United States v. Morales-Aldahondo, 524 F.3d 115, 119-20 (1st Cir. 2008) (additional citations omitted). To exclude evidence pursuant to Rule 403, the prejudice must be "unfair" and "substantially outweigh" its probative value. Id.; Fed. R. Evid. 403. To the extent the discussion is limited to stating that the officers were serving a summons, the Court determines that its probative value is not substantially outweighed by unfair prejudice to the defendant.

Accordingly, the government's motion is **GRANTED IN PART** and **DENIED IN PART.** The government will be allowed to mention that the officers were at Trinidad's residence to serve a summons but may not elaborate on the details of the state investigation.

**IX. Presence of Witnesses During Trial**

Trinidad has requested that the Court exclude witnesses from the courtroom so that they may not hear the testimony of other

witnesses in line with Federal Rule of Evidence 615(a). (Docket No. 152); see United States v. Sepúlveda, 15 F.3d 1161, 1176 (1st Cir. 1993). The government has not responded to this request, but it is **GRANTED.** Trinidad also requests that he and the case agent be exempted from this rule and be allowed to discuss their testimony with the attorneys involved in the case provided no witnesses are present. The Court likewise **GRANTS** this request. Defendant Trinidad should, of course, be present during the trial. The case agent is allowed to be in Court throughout the trial. If Trinidad decides to testify, however, he may not confer with his counsel while his testimony is ongoing.

## X. Exclusion of Evidence Not Designated or Discovered

Trinidad requests that the government be barred from introducing any evidence not designated and not previously discovered. (Docket No. 152.) The Court finds the motion to be premature and will make determinations as to the admissibility of evidence as the need arises. This request is therefore **DENIED WITHOUT PREJUDICE.**

## XI. Exclusion of Testimony in Violation of the Confrontation Clause

Trinidad next requests that the Court prohibit the government from violating the confrontation clause of the United States Constitution as interpreted in Crawford v. Washington, 541 U.S. 36

(2004); United States v. Casas, 356 F.3d 104 (1st Cir. 2004); and others. (Docket No. 152.) According to Trinidad, the Court should prohibit the government from introducing hearsay couched in summary witness or "overview" testimony. To the extent that Trinidad is asking the Court to prohibit the government from violating constitutional protections the motion is **GRANTED.** Additional hearsay objections, however, will be dealt with during trial.

**XII. Conclusion**

For the reasons set forth above, the United States' motion *in limine* to preclude questions about the absence of investigative tools is **DENIED WITHOUT PREJUDICE.** (Docket No. 146.) The United States' motion *in limine* regarding improper arguments is **GRANTED.** (Docket No. 150.) The government's request for the admission of evidence regarding the investigation that resulted in defendant's arrest is **GRANTED IN PART** and **DENIED IN PART.** (Docket No. 151.)

The defendant's omnibus motion *in limine* (Docket No. 152) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE.** The defendant's request that the Court exclude witnesses from the courtroom so that they may not hear the testimony of other witnesses, with the exception of the case agent, is **GRANTED.** If the defendant testifies, he may not consult with his counsel while his testimony is ongoing. Likewise, the defendant's request that

the Court prohibit the government from violating the confrontation clause is **GRANTED,** but his request that the government be barred from presenting evidence not designated or discovered is **DENIED WITHOUT PREJUDICE.**

Trial is set to commence on **February 9, 2026 at 9:00 a.m.** before the undersigned in a courtroom to be determined in the Old San Juan Courthouse.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 12, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE